**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4492**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

VERONICA LEVONNE JONES,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:13-cr-00451-WO-1)

─────────────

Submitted: December 16, 2014     Decided: December 19, 2014

─────────────

Before WILKINSON, SHEDD, and THACKER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Stephen Thomas Inman, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Veronica Levonne Jones appeals from her conviction and thirty-nine month sentence imposed pursuant to her guilty plea to filing false tax returns and aggravated identity theft. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), averring that there are no meritorious issues for appeal but questioning whether Jones' sentence was greater than necessary to meet the goals of sentencing. The Government has declined to file a brief. Although informed of her right to do so, Jones has declined to file a pro se supplemental brief. We affirm.

Jones contends that her fifteen-month sentence for filing false tax returns is substantively unreasonable because it is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2012). She avers that, given the mandatory two-year, consecutive sentence on the identity theft charges and her mitigating circumstances, the sentence was too harsh. We review a sentence for reasonableness, applying "a deferential abuse of discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We examine the substantive reasonableness of the sentence under "the totality of the circumstances." Id. at 51.

A sentence "within or below a properly calculated Guidelines range is presumptively reasonable [on appeal]." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert.

2

denied, 135 S. Ct. 421 (2014). The defendant bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." Id. In evaluating the sentence for an abuse of discretion, this court "give[s] due deference to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." Gall, 552 U.S. at 59-60.

Considering the totality of the circumstances, we conclude that Jones cannot rebut the presumption of substantive reasonableness accorded to her within-Guidelines sentence. To the extent Jones attacks the district court's failure to give more weight to her mitigating circumstances, the court considered Jones' lengthy oral argument requesting a 12-15 month sentence and noted the mitigating concerns, but declined to vary her sentence after weighing all the factors in the case. The court found that the totality of the circumstances warranted the most lenient sentence within the Guidelines range but did not warrant a variance. Given the district court's consideration of the relevant § 3553(a) factors and the fact that the imposed sentence fell within Jones' requested range, the court's decision was not an abuse of discretion.

In accordance with Anders, we have reviewed the entire record in this case for meritorious issues and have found none. Accordingly, we affirm Jones' convictions and sentence. This

3

court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED